Benjamin Brenner, J.
This is a motion to set aside a verdict in favor of the defendant the City of New York, in an action for an unprovoked police clubbing of the plaintiff, then known to be suffering from a mental disturbance and for the officer’s use of excessive force while attempting to subdue him.
The character and extent of permissible force to be used by policemen in subduing a known mentally ill person are at least comparable to that allowable for the performance of any other legal duty against a normal person, such as one who resists arrest. The use of such force is sanctioned by section 246 of the Penal Law, and also implied by subdivision 5 of section 81 of the Mental Hygiene Law, which reads: ‘ ‘ Any person, apparently mentally ill, and conducting himself in a manner which in a sane person would be disorderly, may be arrested by any peace officer and confined in some safe and comfortable place until the question of his sanity be determined ’ ’.
The obligation imposed upon the peace officer by the section quoted is not only to arrest the person acting in a disturbed fashion, but to confine him as well and, to perform these functions, the use of at least as great a degree of force as that required to be exerted upon a normal person in the performance of a legal police duty is altogether proper. Obviously, an officer cannot be expected to anticipate the conduct of a mentally disturbed individual. Nor is he required to have the degree of competence possessed by a psychiatrist nor to act with his prescience in treating with such a person. When it is considered that the city, through its police force is obliged to protect the public against the violence of a mentally ill person (Williams v. State of New York, 308 N. Y. 548, 554) the responsibility of the officer to react forcibly to his unforeseeable and violent antics on a public street is the more urgent.
In any event the clubbing of the plaintiff transpired after the officer had come upon a scene of public disorder and had thereafter quieted plaintiff to a degree that both of them shook hands in seeming friendship. These uncontroverted events, together with the believable evidence produced on trial establish a justifiable performance of a police duty, rather than an unprovoked assault or the use of force which was excessive or unwarranted.
The verdict of the jury will not be disturbed and the motion is therefore denied.